**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Mohit Mohit,

Petitioner,

v.

Luis Rosa, Jr., et al.,

Respondents.

No. CV-26-07649-PHX-LLP

**ORDER**

Petitioner Mohit Mohit filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) Petitioner alleges that he entered the United States in 2023, was briefly detained, and then released on his own recognizance. (*Id.* at 7.) On October 16, 2026, Petitioner was again detained and has been held ever since without a bond hearing. (*Id.* at 8.) Petitioner alleges the re-detention violates his Fifth Amendment rights, and seeks release on the same conditions as before and an injunction against his re-detention without a pre-deprivation hearing. (*Id.* at 29–34.)

The Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 4.) In the Response, Respondents state: "Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and *Rodriguez Vazquez v. Bostock*, No. 25 6842, 2026 WL 2196424 (9th Cir. July 30, 2026), and therefore Respondents do not oppose Petitioner's request for a bond hearing." (Doc. 7.)

Petitioner does not seek a bond hearing—he seeks release. Because Respondents do not address the issue of whether Petitioner was entitled to a pre-deprivation hearing before

being re-detained, the Court finds the argument waived. *See N-E-M-B v. Wamsley*, CV-25-00989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. Larose*, CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims").

The Court will therefore grant the Petition and order Petitioner's immediate release from custody. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

Accordingly,

**IT IS ORDERED:**

1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as follows:

2) Respondents must **immediately release** Petitioner from custody under the same conditions that existed before his detention.

3) Respondents must provide a notice of compliance within **two days** of this Order.

4) Absent a significant change in Petitioner's circumstances, Respondents and their agents are enjoined from re-detaining Petitioner without seven (7) days prior written notice and an opportunity for Petitioner to be heard by a neutral judge on the reasons for the re-detention and consideration of bond, at which hearing the government must bear the burden of demonstrating by clear and convincing evidence that Petitioner is likely to flee or pose a danger to the community if not detained.

///

///

5) Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 30th day of October, 2026.

Honorable Lori L. Price
United States Magistrate Judge